How do you pronounce the names of the parties here? For G&D, I've always gone with G&D, Your Honor. The word court in Section 285 is meant to be broad and covering attorney fees in all cases including in the Court of Federal Claims. Here we have an issue of statutory harmonization between 35 U.S.C. 285 and 28 U.S.C. 410. I don't mean to elide the argument, but before you get into that, it's a difficult issue, it's a novel issue. Why do we even hear on that issue given that there was a dismissal without prejudice? I thought all of the case law defining who was and was not a prevailing party resolved that there is no prevailing party when there's only a dismissal without prejudice. So that's kind of a threshold issue that resolves the case, it doesn't resolve it on its so-called merit. So how do we get beyond that threshold issue? Your Honor, under CRST and Regnier, we would submit that we are a prevailing party because we achieved the goal that we saw. And so an actual dismissal with prejudice is no longer required under those cases. We achieved three goals and specifically we wanted a dismissal and we obtained that. It was a dismissal without prejudice, but that was the goal that we saw, it was a dismissal from the case, number one. Number two, we wanted to not have to participate in the Court of Federal Claims case under Rule 14. We achieved that goal because Judge Williams, she specifically held that we would not only be dismissed, but we would not have to participate because of the lack of pre-filing investigation. Yes, but I'm going to start, starting at Wright and Miller and moving forward to a bunch of our cases, including RFR versus Century Steps and a bunch of other cases, you don't create a prevailing party if there's voluntarily a dismissal of an action. So, give me the cases where there was exactly like here, a dismissal without prejudice, and some courts said you can still be a prevailing party under those circumstances, tell me those cases again. Yes, Your Honor, we have a number of citations on that and it begins with the 11th Circuit case that we cited in our gray brief. The gray brief had not only the 11th Circuit, but also a number of other cases, all of which point out that you do not have to have a dismissal with prejudice in order to be a prevailing party. But is that the Bleach Blitz case? Yes, Your Honor, Bleach Blitz. I did find it. Thank you. We just read it differently, but I read that the 11th Circuit is contrasting in that case a dismissal on the merits with a voluntary dismissal and concluding that the former confirms prevailing party status while the latter does not. If I'm right, that hurts you. So, tell me what I got wrong about my reading of the 11th Circuit case. Well, I think that Bleach Blitz didn't make clear that if you have a dismissal without prejudice, that in concept can justify a prevailing party status. And then all of the progeny that came after the Bleach Blitz case also indicated and did have examples where there were dismissals without prejudice and that accorded prevailing party status. And those are all cited on that. It was about 10 cases that we cited after the Bleach Blitz case in the gray brief. Oh, in the gray. Not in the blue, but I was looking at blue. Anything other than the 11th Circuit case, cases? Other than that line of cases, those are the cases that we found, Your Honor. What about us? We've held, in a case called RFR, Presidential Opinion versus Century Steps, that voluntary dismissal or claim without prejudice does not bestow prevailing party status. And we applied 5th Circuit law on that case. And I have seen that case, Your Honor, but the Regnier case, we think that because all you have to do is achieve the goal that you seek to achieve, we had three goals that we sought to achieve and we accomplished all of those. In fact, Judge Williams, she also noted that not only would we obtain the dismissal without prejudice and that we would no longer have to participate in the court of federal claims. Well, I mean, that doesn't get you very far, right? I mean, I understand the position you were in and the court of federal claims was weighing, well, shall we do with prejudice or without prejudice? But just because in her remarks, she indicated she thought it could go either way. I don't see how that, assuming I'm right on the law, how that sort of strange thing about this case gives you prevailing party status. I mean, she ultimately, for your purposes, picked the wrong choice, picked the wrong bucket. So she, even though she was suggesting that it could be maybe under either bucket, she picked the wrong one, right? I don't think that she had to have a dismissal without prejudice just based upon the cases that we've seen since CRSD and Regnier, where I just think that we have to disagree on the issue of whether or not an actual dismissal with prejudice is required in order to be a prevailing party. What about the colloquy that went back and forth at page, it's 2181 to 82, where basically there was no promise from GND that it wouldn't file a new action against your client. Doesn't that support the idea that there has been no alteration in the legal relationship between the parties? I think that we took that as an agreement that that achieved our result as well. So that was not one of the examples that I gave because there's a dispute by GND as to whether or not it did, in fact, agree not to sue us again. We believe that it did before Judge Williams agreed not to sue us again. They dispute that. But there was also another clear... Were we racist? I'm probably not at liberty to take a position on my client's behalf with respect to that. It doesn't sound like a promise. It was clear from what was exchanged at the hearing, at least to us, Your Honor, that there was an agreement. In fact, they followed on to say, Judge Williams pressed them on the issue of discovery and said, are you going to exclude discovery from HID? And they did specifically agree to that. So that is another point where it shows that we were able to achieve certain goals that we saw and no longer in the case, no longer having to have discovery. Whether or not there's a dispute over whether or not we were dismissed with prejudice, we believe that we still met the Regnier standard for the prevailing party. So with that, Your Honors, I will move on to the harmonization between 285 and 1498. We believe that these can be read in harmony because when 285 was passed in 1946 and codified in 1952, it applied to the recovery of attorney fees in all courts. And then in 1498, it was passed in 1910, further amended in 1948, but in 1996, it was amended to allow the recovery of attorney fees from the government. And when Congress looked... For specific circumstances for the government. For the government. And it's your view then that 285 would apply in circumstances where you're not collecting fees from the government. Exactly, Your Honor. Is it your view that the government could rely on Section 285? You don't have to go that far today, but I'm just asking. We don't have to go that far today, but it does appear that it would be able to. The government would be able to potentially, but we don't have to touch that because we're talking about private party to private party issues and that the Court of Federal Claims would be able to address that as a sanction, not as a claim. And so in 1996, the Congress, when they were amending 1498 to allow attorney fees, they specifically recognized 285 and recognized that 285 was available when considering the amendment of 1498. So that's why we believe that the statutory harmonization is quite clear between the two. But you admit that they couldn't have sought attorney fees from the government, right? That they... They couldn't have sought fees against the government under 285. My client, Your Honor, or someone else? D's, whatever, their client. G and D. G.S. G.S. So G and D does not appear qualified under those limited circumstances which Judge Stoll referred to. So we don't believe that G and D would be able to seek attorney fees from the government. There are circumstances where, for example, small entities, private inventors... But you're saying that you don't know whether the government could seek fees from them under 285, but you know the government couldn't seek fees? It's an open question as to whether or not the inverse is possible. Could the government seek fees from G and D? That is an open question which we're not aware of has been addressed at this time. In fact, Judge Williams raised that during the consideration of whether or not 285 granted her jurisdiction with the DOJ attorney in the Court of Claims proceeding. And she noted that that was an outstanding issue, but that it did not apply here because it was a sanction that she was applying against the private party, not against the government. And the DOJ government did not take a position on that issue in the hearing. But what Judge Williams did find is Judge Williams found that there was a lack of a pre-filing investigation. And she provided very detailed analysis and conclusion that there was no basis for G and D to have brought the case, including the allegations against HID. And she also noted finding, I know that we've discussed this already, not only the prevailing party issue, Your Honor, but also she specifically looked at jurisdiction both at the hearing at Appendix 2895 where she considered and she noted that the jurisdiction issue was quote unquote a non-issue. And then also in her ruling, she specifically acknowledged that 285 there was jurisdiction for her to consider and decide under 285 in the Court of Federal Claims, which she noted in her opinion at Note 12, Appendix 2993. So after all of this happened with Judge Williams, as you know, the case was then transferred to Judge Holt. And Judge Holt began the process of determining quantum. So we had already won on the attorney fees award under 285, and so the issue was how much. At that point, G and D raised the issue of jurisdiction and said, well, we would like to revisit this. And so that's how we got here, Your Honor, because we had additional briefing. And then Judge Holt decided that the Court of Federal Claims did not have jurisdiction under 285. However, Judge Holt and the appellee in its brief, in its red brief, we believe are relying upon cases which are incorrect for three groups of reasons. The first group of cases are all cases that deal with claims against the governor. And so here, we're not talking about a claim against the government. We're talking about a sanction that the court has awarded against a private party in a 1498 case. And so that would knock out Regent Jack, the Graffin Reed 1 and 2, Standard Manufacturing, Lasona. All of those cases are in the Group 1 category, which were against the government. The Group 2 of 3 category are cases which are claims between private parties as claims. For example, a claim where one private party is trying to seek an injunction against another private party in the Court of Federal Claims. That obviously is not kosher. For example, also seeking a declaratory judgment in the Court of Federal Claims by a private party. That also is not allowed. So these are the Group 2 claims. And these would dispose of Lemelson, Avocent, Rolls-Royce, Provost West, and Sunship Building. So this leaves us with the one case that's left after going through all of those, and that's the Carrier case. So the Carrier case is an interesting case from the Court of Claims. This is a case that, as far as we found, had never been cited by any court before Judge Holt cited it in this case. And it was a 14-sentence decision. And in that decision, it involved a government notice under Rule 14 in the Court of Federal Claims to a third party, Sunnyvale. And Sunnyvale was notified, you may be interested in this case. Sunnyvale moved to quash that notice, and that motion to quash was denied. But as part of that, they moved to recover fees against the plaintiff patentee, saying, well, we should have never been involved. So even though it was what we would submit as dicta, because it was not on the issue of the case, the issue of the case was the motion to quash. The court did say, well, we believe 285 only applies to district courts. But that was before CRST and Regnier on the prevailing party issue. That was before Optane Fitness on the exceptionality issue. And it was not specifically an issue that was before the court on that. Because the motion, the issue before the court was the motion to quash. I just want to ask you a question. Have any courts, other than district courts, exercised discretion under Section 285? I understand the statute doesn't say that it's limited to district courts on its face at all. It says the court. But have other courts exercised jurisdiction, for example, I mean, awarded attorney fees under Section 285 besides district courts? Like for example, has our court done so? The closest court, the closest decision is the Juden case, Your Honor. And in the Juden case, on the lower proceeding, Judge Brugink had looked at, and this was back in 1995, had looked at the issue of a lack of pre-filing investigation, inadequate pre-filing investigation, same issue. And the question was, Rule 11 sanctions or 285 attorney fee award? At the time, that was before Optane Fitness. And so actually, it was easier to show Rule 11 than 285. Judge Brugink specifically said, this court has the ability to award attorney fees under 285 from the Court of Federal Claims. That then went to the Federal Circuit. At the Federal Circuit, the court then looked at the issue. Judge Brugink, by the way, found that there was no Rule 11 violation. But at the Federal Circuit, that was reversed. And that Rule 11 violation was found. So I would submit, Your Honor, that if the Court of Federal Claims, under its ancillary ability to take up issues of its own docket, within its own discretion, if it has the ability under Rule 11 to address attorney fee awards, then it would also have the ability under 285 in that vein. Okay. Well, you've exhausted all your time, but we still have a little time for about, let's hear from the other side, please. Thank you. Thank you. Good morning, Your Honors. May it please the Court. HID asks you to legislate where Congress has not by expanding the limited jurisdiction of the Court of Federal Claims. Can you address the first question that both Judge Sola and I asked about why this is even Absolutely, Your Honor. We don't think they can. We think you got it right when you referenced the RFR decision. That says as clear as day from the Federal Circuit, a dismissal without prejudice is not good enough. Rainier, the case they rely on, that was a dismissal with prejudice. And in that opinion, the Federal Circuit distinguishes dismissal without prejudice as a ruling not on the merits from dismissal with prejudice as a ruling on the merits. We also need to look at the facts here. As you recognize, they didn't get what they were asking for. They intervened in a case they didn't have to come defend. They filed a motion to dismiss, denied as moot. They opposed their own dismissal without prejudice and sought a dismissal with prejudice. That was denied as well. They didn't prevail on anything. The government, at oral argument below, confirmed that they would have defended this case had HID not showed up. And I think most importantly, HID's products were dismissed from this case just 20 days after HID sent a letter questioning the facts under that. This is a case they didn't have to be part of. They voluntarily chose to be part of, as is their right. And they got out of it shortly thereafter. We don't believe that Section 285 applies at all in the Court of Federal Claims. If it applied, this certainly should not be the first case to ever apply it. And we don't believe that Section 285 applies because of three reasons. First, the statutory text. Section 285 appears in the Patent Act, Title 35. Section 1498, the cause of action that gives rise to the cause of action here, is in Title 28. Those are completely separate statutory sections. Congress made them separate for a reason. And Congress could have, but did not incorporate Section 285 into Section 1498. Can I bring you back to the prevailing party issue for a second, which is why isn't the fact that they were able to have their case taken out of the Court of Federal Claims, they didn't have to go through discovery. There were several things that were identified by counsel as to why they were successful. What is your response to those specifics? Yes, Your Honor. First of all, the core principle is it was a voluntary dismissal without prejudice. It was not, as Rainier requires, a judicially sanctioned change in the relationship between the parties. It was Giesecke's own decision. And I take it that you interpret the interaction that occurred on the record where there was a question about whether a future lawsuit would be filed. Do you interpret that differently than HID does? Absolutely, Your Honor. I think the quote that the panel referred to was clear. My co-counsel said, I can't take a position on that without consulting with my client. It was a dismissal without prejudice. It remains so. And we still have the option of refiling those claims directly against HID in the future. That's the key difference here. Again, they asked for two things. They asked for a motion to dismiss to be granted. Didn't get it. They asked for their dismissal to be with prejudice. Didn't get that either. So going back to the, after the statute, we have to look to the precedents. And there's a long line of precedents from this case. My friend on the other side categorized it into three categories. I think one really important case that he missed was Motorola. In that case, the trial court had held that Section 287, the patent marking doctrine from the Patent Act, applies in the Court of Federal Claims. The Federal Circuit reversed and said, and there's an important quote here. The Federal Circuit reversed and told us that, and told us that you cannot wholesale incorporate the Patent Act remedies into. That doesn't address the issue here though, right? It doesn't. I mean, it does tell us that you can't wholesale decide that Section 285 is going to apply. But, but, and so that has to be considered and evaluated. But it doesn't, this, the case you just cited doesn't actually address this issue of first impression that's before us, right? Correct, Your Honor. Motorola does not directly address 285. It does address the effort to import Patent Act remedies that are not so, that are not specifically incorporated in 1498. Lissona, however, does incorporate Section, does address Section 285. And I know we talked, we talked about that. Lissona tells us incorporating all of the remedies of Title 35 into 1498 without the explicit consent of Congress, which certainly could have provided for such incorporation had it so desired, would violate the requirement of express waiver of sovereign immunity. Lissona addressed this exact issue. Yes, it was the other way around. It was a private party seeking fees from the government. That makes no difference. And we know it makes no difference when we look at the statutory text. In 1996, Congress amended Section 1498. It chose to make the grant of attorney's fees one-sided, where only a private party could recover fees from the government. In doing so, Congress could have easily incorporated Section 285, or it could have made the grant of fees two-sided, or I guess in this case, three-sided. Congress chose not to do so. We know that Congress specifically considered the issue. We know that Congress chose not to make 285 or attorney's fees in general available to the government or to a private party. And we believe that we should respect Congress's choice there. There's also a distinction made in the case law between a remedy, as in Section 285, and a defense, as in Section 101 and those sorts of arguments. The case law and Congress has consistently recognized that defenses are available, remedies are not. Section 285 is a remedy. Section 284 is a remedy. That was also addressed in the SONA. Section 287, the patent marking statute, that was a remedy. And importantly, that was a remedy that was Motorola that benefits the government. So there was a suggestion in the briefing that we would be disadvantaging the government by not making 285 available to them. Congress made that decision, and Motorola tells us it's okay to refuse to import a Patent Act remedy, even when that remedy may benefit the government. That was the patent marking doctrine. Lacking support in the statute or the precedent, HID goes to policy. And their policy argument seeks to solve a problem that simply doesn't exist. HID suggests that without rewriting the statute to incorporate Section 285, the Court of Federal Claims is powerless to police the conduct of those before it. Not so. The Court of Federal Claims can and has awarded attorney's fees under Rule 11, under the Court's inherent authority, under the Equal Access to Justice Act. That's the Juden case. That was a fee award under Rule 11, not under 285. Importantly, HID tried and failed to recover fees under each of those bases below. That's the second opinion from Judge Holt. And I think it's important to emphasize the factual findings from that opinion, which are not challenged on appeal. In his opinion, the second opinion, rejecting an award of attorney's fees under Section 285, Judge Holt tells us that Giesecke's claims were non-frivolous, and his pre-suit investigation was adequate and sufficient. That's at Appendix 49 through 53. Judge Holt also tells us that HID failed to establish that Giesecke conducted itself in bad faith, because it was not objectively obvious under the circumstances that the card-based product did not infringe. Judge Holt recognized what I said earlier, that Giesecke promptly amended its complaint to drop claims against HID's products just 20 days after HID was issued. Just to make sure I understand, that's contrary to Judge Williams' holding, right? Judge Holt's factual findings, he applies a different legal standard. The facts he found, I believe, are different from facts Judge Williams found. Judge Holt had a more full evidentiary record in front of him. He was also, again, applying the Rule 11 standards, which are a different standard. But he made factual findings that are not challenged on appeal, that we believe are relevant to the 285 inquiry. And what that tells us, Your Honor, why we believe this is relevant in this appeal, is it tells us that HID had its chance at a remedy, and it lost. Rather than appealing Judge Holt's order, rather than challenging those factual findings, it asks you to create an entirely new remedy under Section 285. A remedy that, as you heard from my friend on the other side, the Court of Federal Claims has never applied. Not to benefit the government, not to benefit a plaintiff, and certainly not to benefit a third party. We don't believe this court should be the first to expand the jurisdiction of the Court of Federal Claims, particularly in these factual circumstances, where they had perfectly good remedies. And Judge Holt, on a more full evidentiary record, after they gave us- And before your time runs out, let me go back to the prevailing party question. Did anybody, did your side ever kind of wave your arms and say, wait a minute. They shouldn't be entitled because there's no prevailing, they're not prevailing party. Now maybe they didn't do it before Judge Williams because she still had the ability to dismiss with prejudice, without prejudice, or with prejudice. So maybe you didn't want to call that to her attention. But at least with respect to your discussions in front of Judge Holt, did you ever raise that matter? We did, Your Honor. In the supplemental briefing, both on the jurisdiction point, which was a narrow set of briefing, but certainly on the Rule 11 and other points, we did raise the prevailing party issue. It's also, of course, briefed on this appeal, starting at page 41 of our argument. Do you have the site in your appendix where you raised it? I'm sorry, I just didn't hear it. I can give it to you if you give me just one second. It would have been in the briefing starting at appendix 3851. That would be our response in opposition to the entitlement to peace under other legal theories. I don't have a specific pin site, but I can certainly give it to you if you give me just a moment. Your Honor, I'm sorry, I don't have that pin site available. I do have the section of our, again, our appellate brief where that issue is raised. This, as you recognize, was a bifurcated proceeding that was where the issue of prevailing party under 285 was determined by Judge Williams. In the second round of supplemental briefing, we certainly did argue that they did not prevail under the Rule 11 and other related standards. And again, renewed that argument in our appellate briefing beginning at page 46. Now, before I close, Your Honor, again, this is a, the Court of Federal Claims is a court of extremely limited jurisdiction. And this court, this case, attacks that foundational principle. HID asked you to rewrite the statutory text and ignore a half century of precedent, again, to do something that's never been done before. HID does this as a third party that had no obligation to join this case. Again, they were noticed under Rule 14. The government confirmed that they would have defended the case without them. They filed two motions. They lost them both. They asked for nearly three quarters of a million dollars. Prior cases have uniformly confirmed that Section 285 does not apply. Judge Holt got it right when he recognized those cases and found himself lacking jurisdiction to award it. We believe that opinion should be affirmed. And before I close, I have to raise one issue I feel compelled to raise. It's about the jurisdiction of this court to hear this appeal. We believe HID's notice of appeal was untimely filed. I recognize this is an issue that wasn't raised in the briefing, and I apologize. But a jurisdictional issue can't be waived under the Supreme Court's Hamer Rule. Did you just notice it yesterday? I mean, we put a lot of time into this case. When did you first notice that it was untimely? Your Honor, it was within the last week as I was preparing for this oral argument. And again, I apologize to the court. I recognize it's an issue that should have been briefed. We'd be happy to submit supplemental briefing if the court would like. Do you want to walk through why you think it wasn't timely? Yes, Your Honor. The ruling, Judge Holt's ruling concluding there is a lack of subject matter jurisdiction was issued on October 14th of 2020. October 14th of 2020? Correct. It fully, finally, and conclusively determined the issue of the court's lack of jurisdiction to award fees under Section 285. HID did not appeal that order until July 7th of 2022. HID waited until after the second round of attorney's fees arguments were held and decided. That second round, HID argued for fees under Rule 11, the court's inherent authority in the Equal Access to Justice Act. There was not a single mention of 285. That issue was dead, buried, and decided. After that second order was issued, HID filed its notice of appeal. And that's at Appendix 81. What law do you have to support the idea that they had to appeal right away and not wait until after resolution of the second order in order to be able to avoid piecemeal litigation? Your Honor, I think it's just 28 U.S.C. Section 2107 itself. This wasn't piecemeal litigation. This 285 issue was fully and finally decided in Judge Holt's first order. The second issue, the second order, completely separate issues. Rule 11, Equal Access to Justice, inherent authority. So you're saying the clock started to run on October 14, 2020? Absolutely, Your Honor. We don't believe that they can appeal a different order, addressing different issues, and bootstrap an untimely appeal onto that. It's clear they didn't actually. But it's in the same case, right? I mean, you're just trying to understand. Ordinarily, you'd wait until all issues are resolved. I guess your issue here, maybe you're saying this is different because they were a third party. But you're saying I can just look at the statute and I'll know that what you're saying is true. Your Honor, it is different. Do you have any cases or anything? Excuse me. I don't have a case dissecting this particular issue as to when an appeal of a, they're both interlocutory appeals. The case hasn't concluded. The case continues. And we think that's the key. Is that they're interlocked? They're both interlocutory appeals. If you're going to make an interlocutory appeal, you do so when an issue is fully, finally decided. There is no doubt that issue was fully, finally decided in October of 2020. There is similarly no doubt that that second order is not part of this appeal. You didn't hear a word about it during their argument. The very first sentence of their brief says, HID Global appeals from the order entered on October 14th of 2020, finding the United States Court of Federal Claims lacked jurisdiction. It doesn't say anything at all about that second order. We believe that first order should have been appealed within 30 days after it was entered. If HID wanted to proceed on these other grounds, it certainly was free to do so. It made the conscious decision to choose to proceed on these other grounds only after losing did it come back to that first appeal. Again, Your Honor, I know this wasn't raised in the briefing. We'd be happy to submit supplemental briefing if it would be helpful. But we believe, again, this is an issue that can't be raised and it can't be waived under the Hamer ruling 582 U.S. 17. With that, I'll sit down once you have further questions. Okay, thank you. Well, we'll restore two minutes, but you obviously need to respond to, if you're able to, because I assume you haven't heard this until we heard it just five minutes ago, right? Yeah, do you have any, I mean, I don't want to put you on the spot and reveal any additional briefings we'll ask for, but do you have an initial answer for us that might resolve this? The initial answer, Your Honor, is that when Judge Holt issued his position on 285, he then asked us if we had any further briefing on the issue of recovery of attorney fees. And we said, yes, we would like, if you're not going to give us 285, that you also consider the inherent authority and Rule 11 and any other authority. We also surmised that Judge Holt would reanalyze the entire attorney fee situation in view of his previous ruling on 285, and he might change his mind, he might readjust his assessment based upon the later briefing on the other issues relating to attorney fees. The entire dispute was attorney fees. And so it was all of the issues of attorney fees, and that is part of the reason why there's the ancillary jurisdiction. That's why Judge Williams found that she had the ability to rule on 285. So we believe that Judge Holt would see in the later briefing that if he had authority under Rule 11, or if he had authority under Rule 11 and his inherent authority, that he would also be able to rule with respect to 285. He did not, he did not change his mind, and so once that issue was finally and completely resolved, then we appealed. Okay, anything else? The last point, Your Honor, is... One more second. Okay, well, we're gonna need supplemental briefing. This is really an unfortunate circumstance, but 10 days, no more than five pages single-spaced. Five pages single-spaced, 10 days simultaneously. Thank you, Your Honor. It's a little deja vu, because after we won on 285, then G&E also raised the jurisdictional issue under 285, and we had to do it all over. With that, I do have one final comment. Wait, what happened there? So there was an issue raised about jurisdiction then, on timeliness? Yes, G&E raised the jurisdictional issue of 285 late in the Court of Federal Claims. Correct, Your Honor. So it's a very similar situation as this. I see my light is red. No, go ahead, you get two minutes on that. Thank you, Your Honor. So on the issue of 285 and expanding the jurisdiction, we submit that it is not an expansion of jurisdiction in order for the Court of Federal Claims to exercise its ability to deal with ancillary issues. And then, Your Honor, on your question with respect to the prevailing party, I have found cases which I think would be instrumental. And in addition to the CRST and Raniere argument that I made earlier. When you say you have found cases, are they in your briefs? I just found them, and I was gonna cite them to you if I could. Are they found in your briefs, or just found in that? They're not in the briefing, Your Honor. So they're not, well, okay, you can cite it. But again, it puts your friend in a position to not have the ability to respond, so. Well, I can point that we did cite the CRST and Raniere. And those cases specifically say if there's a change in legal relationship, then you're a prevailing party. And then we had the three points of our change in relationship. We had a dismissal, we had no discovery against HIV, and we were not joined to the case. So those are the changes of relationship. The two cases that I did find from the Federal Circuit, and I won't cite them if you would not like me to, but I will note that they note that in one case there was a dismissal as moot, not a dismissal without prejudice, and that was found to be sufficient for prevailing party status. And this Court said one would not put form over substance in order to find a prevailing party status. And then also there's another case where there was a decision where the issue related to whether or not there was a decision on the merits that was not a specific dismissal with prejudice. And there was another decision where this Court said we will not put form over substance in order to find a prevailing party status. So we would submit, Your Honor, under the cases that we did cite, that we have shown that we did have a change in the legal relationship under CRST and Raniere in order to achieve the status of a prevailing party. Thank you. Thank you, Your Honor. We thank both sides. The case is submitted. And just to repeat, you've got 10 days to file a five-page single-spaced briefs on this issue. Thank you, Mr. Baker. Thank you. Case is submitted.